This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-41278**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**LOUIS GUZMAN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G. W. Shoobridge, District Court Judge**

Raúl Torres, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Brian Parrish, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ATTREP, Chief Judge.**

**{1}** Defendant appeals his convictions for extreme cruelty to animals and negligent use of a deadly weapon. [MIO 1] In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In Defendant's memorandum, he maintains the same arguments he made in his docketing statement for Issues 1-3 and 6. [MIO 1-11] "A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and

the repetition of earlier arguments does not fulfill this requirement. *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Therefore, we refer Defendant to our analysis in the proposed disposition as to those issues.

{3}     In regard to his challenge to the evidence supporting his conviction for extreme cruelty to animals, Defendant now specifically asserts that there was no evidence to support the jury's finding that he killed a dog maliciously. [MIO 8] The district court instructed the jury that malicious meant "the intentional doing of a harmful act without just cause or excuse, or in utter disregard of the consequences." [1 RP 180] As noted in our proposed disposition, there was evidence that, after being confronted by the dogs at his mailbox, Defendant drove around searching for the dogs. [CN 5] *See State v. Gallegos*, 1989-NMCA-066, ¶ 53, 109 N.M. 55, 781 P.2d 783 (noting that "[i]ntent is rarely established by direct evidence; rather, it is usually inferred from other facts of the case"). Defendant then shot one of the dogs on its owner's property despite there being testimony that the dogs were not aggressive. [Id.] We conclude that this was sufficient for the jury to find beyond a reasonable doubt that Defendant maliciously killed the dog. *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176 (holding that the reviewing court "view[s] the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict"); *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (holding that we disregard all evidence and inferences that support a different result when conducting an analysis as to the sufficiency of the evidence).

{4}     In regard to his challenge to the evidence supporting his conviction for negligent use of a deadly weapon, Defendant asserts that he fired only one shot, did not fire into a building or vehicle, and that there was no evidence that any individual was outside in the vicinity of the shooting, although some of the witnesses saw the shooting from within the residence. [MIO 1, 10] However, as Defendant acknowledges, the conviction was based on shooting "the dog near a residence." [MIO 1] As we noted in the proposed disposition, the jury instruction permitted the jury to convict if Defendant discharged a firearm knowing that he was endangering a person *or property*. [CN 5] Certainly, the jury could have found that discharging a firearm near a residence endangered property if not also the people inside the residence. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie); *State v. Montoya*, 2005-NMCA-078, ¶ 3, 137 N.M. 713, 114 P.3d 393 ("When a defendant argues that the evidence and inferences present two equally reasonable hypotheses, one consistent with guilt and another consistent with innocence, our answer is that by its verdict, the jury has necessarily found the hypothesis of guilt more reasonable than the hypothesis of innocence.").

{5}     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we summarily affirm Defendant's convictions.

{6}     **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**GERALD E. BACA, Judge**

**KATHERINE A. WRAY, Judge**